ORDER AND JUDGMENT *
JOHN C. PORFILIO, Senior Circuit Judge.
Plaintiff AllCare Hospice, Inc. (AllCare) provides hospice services to terminally ill patients. AllCare receives reimbursement from the Secretary of Health and Human Services (Secretary) for hospice care provided to Medicare recipients. Congress has set an annual limit, or cap, on aggregate reimbursement for hospice services provided to these Medicare recipients. In the event that the amount reimbursed to a provider such as AllCare exceeds the cap, the Secretary is entitled to seek repayment from the provider.
Between April 4, 2007 and December 7, 2010, the Secretary, acting through a fiscal intermediary, issued several overpayment notices to AllCare seeking repayment of amounts allegedly overpaid during the years 2003 through 2009. AllCare did not immediately contest these overpayment notices, but instead made arrangements to pay the amounts due. On July 21, 2011, however, AllCare filed appeals with the Provider Reimbursement Review Board (PRRB) from each of the notices in question, challenging the Secretary’s regulation used to calculate the amounts due.
The PRRB dismissed AllCare’s appeals because they had not been filed within the prescribed 180-day period for appeal, see 42 U.S.C. § 1395oo(a)(3) (establishing 180-day deadline for appeal to PRRB), and because AllCare had failed to show good cause to receive an extension of time for appeal. AllCare then sought review of the PRRB’s decision in district court. The district court dismissed AllCare’s petition for review, reasoning that the PRRB’s dismissal of AllCare’s appeal and denial of a good cause extension was not a “final decision” that was subject to judicial review and the decision whether to grant such an extension was in any event committed to agency discretion and therefore unreviewable. Given AllCare’s failure to timely exhaust its claims before the PRRB, the district court determined it lacked jurisdiction to address the merits of AllCare’s *860 claims. Nor was jurisdiction available under the federal question statute, 28 U.S.C. § 1331, the so-called Bowen exception, the Kyne doctrine, or through a petition for writ of mandamus. Finally, AllCare lacked standing to assert one of its arguments — a challenge to the Secretary’s regulation concerning expedited judicial review.
“Our review of the district court’s dismissal for lack of subject matter jurisdiction is de novo,” Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1016 (10th Cir. 2013) (internal quotation marks omitted), as is our review of a dismissal based on lack of standing, Petrella v. Brownback, 697 F.3d 1285, 1292 (10th Cir.2012). On appeal, AllCare raises the following arguments: (1) the district court erred in finding it lacked subject-matter jurisdiction to review AllCare’s claims; (2) the district court erred in its determination concerning AllCare’s standing; and (3) jurisdiction over its claims was available under the Mandamus Act, 28 U.S.C. § 1361. Having carefully reviewed the briefs, the record, and the applicable law, we affirm the district court’s judgment for substantially the reasons stated in its well-reasoned Order and Opinion of October 23, 2012.

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.